UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| HENRY WAYNE TUCKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-485-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| CSX TRANSPORTATION, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Henry Wayne Tucker's motion to remand [Record No. 7] and Defendant CSX Transportation, Inc.'s ("CSX") motion for summary judgment. [Record No. 6]  Because the Complaint states a cause of action against CSX under FELA, the case was not removable.  Therefore, the Court will grant the Plaintiff's motion to remand and deny, without prejudice, the Defendant's motion for summary judgment.

**I.    BACKGROUND**

Tucker initially filed this action in Perry Circuit Court on May 2, 2006, against the Defendant seeking damages under the Federal Employers' Liability Act ("FELA"), 42 U.S.C. § 51.  The Defendant timely filed an answer to the state court complaint, and subsequently served Interrogatories and Requests for Production of Documents on Tucker.  In addition, the Defendant took Tucker's deposition on August 17, 2006.  Thereafter, on September 5, 2006, the Defendant removed this action to this Court, alleging diversity jurisdiction.

On September 14, 2006, the Defendant filed a motion for summary judgment, arguing that Tucker had failed to state a claim for relief under FELA inasmuch as he was not a "loaned" or borrowed servant" of CSX at the time of the accident. On October 3, 2006, Tucker filed a motion to remand, asserting that he had alleged a FELA claim in its state court complaint and that 28 U.S.C. § 1445(a) prohibits removal of FELA actions filed in state court. In response, the Defendant argues that because the complaint fails to state a claim for relief under FELA, this action was properly removed.

**II.     ANALYSIS**

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. It is well-established that the federal courts are courts of limited jurisdiction. Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

Title 28 of the United States Code, Section 1445, expressly prohibits removal of certain types of actions, including actions arising under FELA. *See* 28 U.S.C. § 1445(a). In *Gamble*

*v. Central of Ga. Ry. Co.*, 486 F.2d 781 (5th Cir. 1973), the Fifth Circuit noted that "Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level." *Id.* at 785 (overruled on other grounds).

Here, the Defendant contends that Tucker's complaint fails to state a cause of action under the FELA and, therefore, § 1445(a)'s prohibition against removal of FELA actions does not apply. Relying on a decision from the Seventh Circuit, the Defendant notes that, a claim does not "arise under" FELA for purposes of the § 1445(a) bar to removal merely because a plaintiff names that statute in the complaint. *See Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989). According to the Defendant, Tucker has "baselessly invoke[d] FELA so as to defeat removal" and argues the Court must "look beyond the FELA label to determine whether the facts alleged in the complaint are sufficient to support a FELA action." [Record No. 10, p. 3]

While the Defendant relies on the *Hammond* line of cases to suggest that the Court must inquire into whether Tucker was a borrowed employee, the undersigned notes that the issue before the court in *Hammond* was whether the plaintiff had alleged a claim for personal injury that was cognizable under FELA. In finding that the plaintiff had actually alleged a claim under the Railway Labor Act ("RLA"), 45 U.S.C. § 151, the Seventh Circuit held that district courts should look beyond the facial allegations of the complaint to determine whether the plaintiff has "frivolously" invoked FELA to defeat removal. Specifically, the court noted that "[a] claim does

not arise under the FLEA merely because the plaintiff names that statute in his complaint and omits (accidentally or by design) the claim's true source." *Hammond*, 848 F.2d at 97.

The principles of *Hammond* are inapplicable to the facts of this case. The Defendant's contention that Tucker has pled, but cannot prove, that he is a borrowed employee is an issue of law that requires examination of the evidence and is matter that cannot be resolved at this stage of the proceedings. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, the rules simply require that a plaintiff provide a "short and plain statement of the claim" that will give the defendant notice of the claim and the ground upon which the claim rests. Fed.R.Civ.P. 8(a)  Here, the Complaint meets the notice pleading requirements.

Under FELA, a railroad may be held liable for negligently causing the injury or death of any person "while he is employed" by the railroad. 45 U.S.C. § 51. To establish a claim under FELA, the plaintiff must allege that he was an employee of the railroad. If the plaintiff is not a direct employee, then he must demonstrate that he (1) served as a borrowed employee; (2) acted for two masters simultaneously; or (3) was a subservant of a company that was in turn a servant of the railroad. *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 324 (1974).

In the Complaint, Tucker alleges that, at the time of his injuries, he was acting as a "borrowed" employee of CSX and was on "loan[]" from his direct employer, Teco Coal Company ("Teco"). He claims that CSX had an agreement with Teco to provide a work crew to inspect the rail cars and make sure they are empty and that the hopper doors are closed and

secured before they are loaded with coal.  According to Tucker, as a member of one of those work crews, he was injured on or about April 24, 2004, while

> attempting to free a jammed dump door in the manner he had been instructed to do so, his leg became entangled with a loose cable or other object that was attached to or tangled up with the train, and said cable or other objected thereafter pulled him under the moving coal car, causing his leg to be run over by the train.

[Record No. 1, Complaint ¶ 9]

Having reviewed Tucker's Complaint and the relevant case law, the Court finds that the Plaintiff has alleged a claim under the FELA.  Because FELA claims are not removable, this Court is without authority to otherwise address the merits of the Defendant's contention that Tucker has not stated a FELA claim sufficient to withstand a motion for summary judgment. While the Defendant may ultimately prevail in establishing that, at the time of his injuries, the Plaintiff was not a "borrowed employee" of CSX, this issue is not before the Court. Accordingly, the Court will grant Tucker's motion to remand and will deny, without prejudice, the Defendant's motion for summary judgment.

### III.  CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that

1. The Plaintiff's motion to remand [Record No. 7] is **GRANTED**;

2. The Defendant's motion for summary judgment [Record No. 6] is **DENIED**, without prejudice to being renewed following remand to state court;

3. This matter is remanded to the Perry Circuit Court for further proceedings.

This 26th day of January, 2007.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**